IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SAMUEL E. EWING JR., | ) |
|     Plaintiff, | ) ) |
| v. | ) )   No. 2:21-cv-02141-SHL-atc |
| STATE OF TENNESSEE, et al., | ) ) |
|     Defendants. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING SHELBY COUNTY'S MOTION TO DISMISS AND DISMISSING CLAIMS
AGAINST DEFENDANTS STATE OF TENNESSEE AND WELLPACK HEALTHCARE**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R") on Defendant Shelby County's Motion to Dismiss. (ECF No. 22.) Judge Christoff recommends that the Court grant Shelby County's Motion, dismissing the claims against it with prejudice. (Id. at PageID 65.) She further recommends that Ewing's claims against the remaining Defendants be dismissed without prejudice for failure to effectuate service of process and failure to prosecute. (Id. at PageID 65–66.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." Fed. R. Civ. P. 72(b) 1983 advisory committee notes.

More than fourteen days have now passed since this R&R was entered on June 24, 2024, and no objections have been filed. Therefore, the Court reviews the R&R in its entirety for clear error and finds none. For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety, **GRANTS** Shelby County's Motion to Dismiss, and **DISMISSES WITHOUT PREJUDICE** the claims against the State of Tennessee and Wellpack.

## BACKGROUND

On March 8, 2021, Ewing filed his Complaint, alleging violations of 42 U.S.C. § 1983 by the State of Tennessee, the Shelby County Criminal Justice Center, the Shelby County Sheriff's Office,[1] and Wellpack Healthcare ("Wellpack"). (ECF No. 1.) Ewing asserts that, on February 7, 2020, he suffered a serious injury inside the basketball gym at the Shelby County Criminal Justice Center. (Id. at PageID 2.) As a result of the incident, Ewing claims to have suffered several injuries, including a brain hemorrhage, blood clots behind his right eye, headaches, high blood pressure, shakes, chills, back aches, nervous system damage, and blackouts. (Id.) Judge Christoff construed Ewing's complaint as asserting two claims: a claim arising from the incident on the basketball court, and a claim arising from the medical care he received afterward. (Id. at PageID 68.)

---

[1] In the Motion to Dismiss, Shelby County asserts that "[t]he Shelby County Criminal Justice Center and the Shelby County Sheriff's Office are not independent entities subject to suit, so the proper entity for claims arising out of incidents at the Jail is Shelby County Government." (ECF No. 18 at PageID 50.) Indeed, the Sixth Circuit has acknowledged that "the Shelby County Jail is not an entity subject to suit under § 1983." Marbry v. Corr. Med. Servs., No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). "Instead, any such claims are construed as claims against Shelby County itself." Taylor v. Shelby Cnty. Crim. Just. Ctr., No. 20-cv-2351-JDT-cgc, 2021 WL 951666, at *2 (W. D. Tenn. Mar. 12, 2021). Ewing does not argue otherwise. Thus, Ewing's claims are construed being asserted against Shelby County.

Although the Complaint was filed on March 8, 2021, blank summonses were not provided to Ewing until February 23, 2023.  (Id. at PageID 77.)  Between June and September 2023, several show cause orders were entered directing Ewing to provide proof of service for all Defendants.  (Id.)  Although Ewing eventually served Shelby County, the docket contains no indication that Ewing served the State of Tennessee.  (ECF No. 22 at PageID 78.)  With respect to Wellpack, on October 24, 2023, Ewing filed a certified mail delivery confirmation card addressed to "Wellpath," reflecting delivery acceptance with an illegible signature on October 20, 2023.  (Id.)  Shelby County filed a Motion to Dismiss on November 13, 2023.  (ECF No. 18.)

## ANALYSIS

First, the R&R addresses Shelby County's Motion to Dismiss for failure to state a claim.  Judge Christoff found that Ewing's claim arising from the basketball-court injury is time barred because he filed it eleven days after the statute of limitations for that claim had expired.  (ECF No. 22 at PageID 70.)  Further, she found that Ewing fails to state a § 1983 claim because he failed to identify a municipal policy or custom that caused any of his alleged injuries.  (Id. at PageID 76 (citing Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691–92 (1978)).  For the reasons stated in the R&R, Shelby County's Motion to Dismiss is **GRANTED**.

Next, Judge Christoff recommends that the claims against the State of Tennessee and Wellpack should be dismissed for failure to effectuate service of process and to prosecute.  (Id. at PageID 77.)  The R&R states that the docket contains no indication that the State of Tennessee was ever served and that service on Wellpack was insufficient.  (Id.)  Judge Christoff also notes that Ewing had numerous opportunities and warnings to properly serve Defendants.  For the reasons stated in the R&R, Ewing's claims against the State of Tennessee and Wellpack are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  Carpenter v. City of Flint, 723

3

F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety, **GRANTS** Shelby County's Motion to Dismiss, and **DISMISSES WITHOUT PREJUDICE** the claims against State of Tennessee and Wellpack.

**IT IS SO ORDERED**, this 16th day of July, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE